IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-19-1693M |
| | § | |
| ROLAND OMAR GRAMAJO-REYES | § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendants pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendants have been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendants have been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendants were on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendants from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendants have not rebutted this presumption.

[ ]     B.     Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendants have committed an offense

        [ ]     for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]     under 18 U.S.C. § 924(c).

[ ] (2) The defendants have not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

[x]     C.     Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendants will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendants will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]     D.     Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendants, bond was set as follows:
Defendants have stated that they are financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendants. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendants as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

## Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that**:
Roland Omar Gramajo-Reyes, a previously deported alien, was found in the United States without having obtained permission from the Attorney General of the United States to reapply for admission. **I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**

Evidence presented at the probable cause and detention hearing shows that Roland Omar Gramajo-Reyes ("Gramajo-Reyes") committed the offense described in the Criminal Complaint and testified to at the hearing. An ICE case agent testified that on or about July 18, 2019, an anonymous tip was made to HSI that Gramajo-Reyes had re-entered the United States illegally. The tip/lead also provided an address for Gramajo-Reyes's residence and business. Based on the lead/tip, HSI set up surveillance at the addresses provided. Gramajo-Reyes was observed arriving at his residence in a vehicle and was observed exiting the vehicle. He was arrested the next day. He was carrying on his person a valid passport from Guatemala.

The case agent testified that Gramajo-Reyes's A-file reveals a 1998 burglary conviction. Gramajo-Reyes was ordered removed to Guatemala on July 7, 1999. He appealed this removal order and was given a bond. The appeal was denied on March 27, 2001. It was not until May 26, 2004, that he was arrested by Indianapolis Police and removed from Chicago, Illinois to Guatemala on June 21, 2004. When he was arrested in Houston on September 5, 2019, for reinstatement of prior removal, he was finger printed and his fingerprints match his A file finger prints. He has never applied for permanent U.S. resident status.

Gramajo-Reyes is a citizen of Guatemala and has no legal status in the United States. He has an immigration detainer that has been lodged with the United States Marshals Service. Were this court to grant bail, Gramajo-Reyes could be deported in the immigration case, and become unavailable for trial in the criminal case. The undersigned finds that the government has met its burden of proof to show that there are "no condition or combination of conditions will reasonably assure the appearance of the person as required" of Gramajo-Reyes as required in this illegal re-entry case. 18 U.S.C. § 3142(e)(1); *see United States v. Fortna*, 769 F.2d 243, 249 (5th cir. 1985)("[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient [to detain a defendant without bond]; both are not required."). If he is convicted in the instant case he will likely receive a prison term, followed by deportation. This enhances the risk of flight. Accordingly, no standard conditions of release will assure the appearance of Gramajo-Reyes at all future court proceedings in this matter and the safety of the community. The Court ORDERS that Defendant Roland Omar Gramajo-Reyes be DETAINED pending further proceedings.

## Directions Regarding Detention

It is therefore ORDERED that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 17th day of September, 2019.


FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE